In The
# United States Court of Appeals
For The Fourth Circuit

## SHANA L. MARON, a/k/a Shana L. Kennedy; ERIN HOFBERG; GETRA HANES,

*Plaintiffs – Appellants*,

**v.**

## VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY,

*Defendant – Appellee*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE

_____

### APPELLANTS' PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*

_____

Nicholas W. Woodfield
R. Scott Oswald
THE EMPLOYMENT LAW GROUP, PC
888 17th Street, Suite 900
Washington, DC 20006
(202) 331-2883

*Counsel for Appellants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF PURPOSE
PURSUANT TO FRAP 35(b)(1) AND LOCAL RULE 40(b) ................................. 1

BACKGROUND ................................................................................. 4

ARGUMENT ON REHEARING EN BANC ......................................................... 8

    I.     The Panel Decision Conflicts with Supreme Court Precedent in
          *City of Riverside v. Rivera* Regarding the Appropriate Standard
          for Determining a Lodestar Fee Award ................................................ 8

    II.    The Panel Effectuated a Circuit Split By Remanding For
          Consideration the Issue of Whether a New Trial Should be
          Granted on Maron's Retaliation Claim ............................................... 14

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. United States*,
    164 U.S. 492 (1896)......................................................................................7

*Arenson v. Southern University Law Center*,
    43 F.3d 194 (5th Cir. 1995) ........................................................................14

*Brinkley v. Harbor Recreation Club*,
    180 F.3d 598 (4th Cir. 1999) ...................................................................9, 11

*Brinkley–Obu v. Hughes Training, Inc.*,
    36 F.3d 336 (4th Cir. 1994) ........................................................................11

*Central Vermont R. Co. v. White*,
    238 U.S. 507 (1915)......................................................................................3

*Chisholm v. U.S. Postal Serv.*,
    665 F.2d 482 (4th Cir. 1981) .......................................................................11

*City of Riverside v. Rivera*,
    477 U.S. 561 (1986)......................................................................................8

*Corning Glass Works v. Brennan*,
    417 U.S. 188 (1974)...................................................................................1, 8

*Desert Palace, Inc. v. Costa*,
    539 U.S. 90 (2003)........................................................................................2

*Director, Office of Workers' Compensation Programs, Dept. of Labor v.
Greenwich Collieries*,
    512 U.S. 267 (1994)......................................................................................2

*E.E.O.C. v. State of Del. Dept. of Health and Social Services*,
    865 F.2d 1408 (3d Cir. 1989) ...............................................................3, 9, 10

*E.E.O.C. v. Swift Transp. Co., Inc.*,
    120 F. Supp. 2d 982 (D. Kan. 2000) ............................................................10

*Edwards v. Board of Regents*,
    2 F.3d 382 (11th Cir. 1993) ..................................................................14, 15

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998).............................................................................................2

*Federal Trade Commission v. Morton Salt Co.*,
    334 U.S. 37 (1948)...............................................................................................3

*Fuentes v. Perskie*,
    32 F.3d 759 (3d Cir. 1994) ..............................................................................10

*Havird Oil Co., Inc. v. Marathon Oil Co., Inc.*,
    149 F.3d 283 (4th Cir. 1998) ...........................................................................14

*Hazen Paper Co. v. Biggins*,
    507 U.S. 604 (1993)..........................................................................................13

*Int'l Union, UAW v. Johnson Controls, Inc.*,
    499 U.S. 187 (1991).............................................................................................1

*Irby v. Bittick*,
    44 F.3d 949 (11th Cir. 1995) .............................................................................4

*King v. Acosta Sales & Mktg., Inc.*,
    678 F.3d 470 (7th Cir. 2012) ..........................................................................3, 8

*Kusens v. Pascal Co., Inc.*,
    448 F.3d 349 (6th Cir. 2006) ...........................................................................14

*Mays v. Pioneer Lumber Corp.*,
    502 F.2d 106 (4th Cir. 1974) ...........................................................................14

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)....................................................................................11, 12

*Meacham v. Knolls Atomic Power Lab.*,
  554 U.S. 84 (2008)...................................................................2, 13

*Mickelson v. New York Life Ins. Co.*,
  460 F.3d 1304 (10th Cir. 2006) ............................................4, 10

*N.L.R.B. v. Transportation Management Corp.*,
  462 U.S. 393 (1983)........................................................................2

*National Collegiate Athletic Ass'n v.*
*Board of Regents of University of Oklahoma*,
  468 U.S. 85 (1984)..........................................................................2

*Oberman v. Dun & Bradstreet, Inc.*,
  507 F.2d 349 (7th Cir.1974) .........................................................14

*Price v. Northern States Power Co.*,
  664 F.3d 1186 (8th Cir. 2011) .........................................................3

*Price Waterhouse v. Hopkins*,
  490 U.S. 228 (1989)........................................................................2

*Reeves v. Sanderson Plumbing Products, Inc.*,
  530 U.S. 133 (2000).....................................................................8, 13

*Stanziale v. Jargowsky*,
  200 F.3d 101 (3d Cir. 2000) ......................................................3, 10

*Starceski v. Westinghouse Elec. Corp.*,
  54 F.3d 1089 (3d Cir. 1995) ..........................................................12

*Strag v. Craven Commun. College*,
  55 F.3d 943 (4th Cir. 1995) ...........................................................11

*Taylor v. White*,
  321 F.3d 710 (8th Cir. 2003) ...........................................................4

*Texas Dep't of Community Affairs v. Burdine*,
  450 U.S. 248 (1981).....................................................................12, 13

*Tomka v. Seiler Corp.*,
    66 F.3d 1295 (2d Cir. 1995) ............................................................3

*Vera Cruz v. Chesapeake & O. R.R.*,
    312 F.2d 330 (7th Cir. 1963) .................................................14, 15

*Warren v. Solo Cup Co.*,
    516 F.3d 627 (7th Cir. 2008) ............................................................8

## STATUTES

15 U.S.C. §§ 1, *et seq.*..............................................................................2

15 U.S.C. § 13 ..........................................................................................3

29 U.S.C. §§ 206(d), *et seq.*....................................................................4

29 U.S.C. § 206(d)(1)...............................................................1, 8, 9, 11

29 U.S.C. § 216(b) ....................................................................................4

42 U.S.C. § 2000e(m) ...............................................................................2

42. U.S.C. § 2000e-2(e) ............................................................................1

42 U.S.C. § 2000e-2(k) .............................................................................2

42 U.S.C. § 2000e-5(g)(2)(B) ...................................................................2

45 U.S.C. §§ 51, *et seq.*............................................................................3

## RULES

Fed. R. App. P. 35 .....................................................................................1

Fed. R. App. P. 35(b)(1).............................................................................1

Fed. R. App. P. 40 .....................................................................................1

Fed. R. Civ. P. 50 ....................................................................................14

Fed. R. Civ. P. 50(c)................................................................................14

Fed. R. Civ. P. 50(c)(1)............................................................................14

Fed. R. Civ. P. 59 ....................................................................................7

4th Cir. L. R. 40(b)..................................................................................1

## APPELLANTS' PETITION FOR PANEL REHEARING
## AND FOR REHEARING *EN BANC*

Pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure,

Appellants Shana Maron and Getra Hanes petition for rehearing and for rehearing

*en banc* of the decision by the panel issued on January 31, 2013.

## STATEMENT OF PURPOSE
## PURSUANT TO FRAP 35(b)(1) AND LOCAL RULE 40(b)

Appellants file this Petition because the panel decision involves a matter of

the greatest possible importance in the enforcement of the civil rights laws, and

thereby conflicts with decisions of the Supreme Court, this Court, and other

Circuits:

> May an employer establish an affirmative defense, on which it bears the
> burdens of production and persuasion, merely by offering speculative
> evidence of what it might possible have relied upon, without ever offering
> evidence of what it did in fact rely upon?

This question affects not only cases like the instant case under the Equal Pay

Act, 29 U.S.C. § 206(d)(1),[1] but also cases involving the "bona fide occupational

qualification" defense under Title VII of the Civil Rights Act of 1964, 42. U.S.C.

§ 2000e-2(e),[2] the validity defense for an employment practice with disparate

---

[1] *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974), held that the defendant bears the burden of persuasion on the affirmative defenses to the EPA.

[2] *Int'l Union, UAW v. Johnson Controls, Inc.*, 499 U.S. 187, 221-22 (1991), held that the defendant bears the burden of persuasion on Title VII's BFOQ defense.

impact against a group protected by Title VII,[3] the "same decision" defense in a

mixed-motives case under Title VII,[4] an employer's affirmative defense in Title

VII harassment cases,[5] and the "reasonable factor other than age" defense to claims

under the Age Discrimination in Employment Act of 1967.[6]

The panel's acceptance of speculation also affects cases far beyond the

bounds of civil rights, *e.g.*, the "same decision" defense under the National Labor

Relations Act,[7] the Sherman Anti-Trust Act, 15 U.S.C. §§ 1, *et seq.*,[8] the

---

[3] 42 U.S.C. §§ 2000e(m) and 2000e-2(k) explicitly require that the demonstrations an employer must make mean that the employer "meets the burdens of production and persuasion."

[4] 42 U.S.C. §§ 2000e(m) and 2000e-5(g)(2)(B), *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), and *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92-93 (2003), all make clear that the defendant bears the burden of persuasion in establishing that it would have taken the same action in the absence of a discriminatory motive.

[5] *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), held that the employer had the burden of persuasion in establishing the two-part affirmative defense, that it had an adequate system for preventing harassment and for handling complaints, and that the plaintiff unreasonably failed to take advantage of its system.

[6] *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, 93 (2008), held that the defendant bears the burden of persuasion on the RFOA defense.

[7] *Director, Office of Workers' Compensation Programs, Dept. of Labor v. Greenwich Collieries*, 512 U.S. 267, 278 (1994), re-affirming the allocation, in *N.L.R.B. v. Transportation Management Corp.*, 462 U.S. 393, 401-02 (1983) of the burden of persuasion by a preponderance of the evidence on the employer trying to prove the "same decision" defense, while disagreeing with the statement in Transportation management, 462 U.S. at 403 n.7 that the burden was only that of going forward.

[8] *E.g.*, *National Collegiate Athletic Ass'n v. Board of Regents of University of Oklahoma*, 468 U.S. 85, 113 (1984) ("Under the Rule of Reason, these hallmarks of anticompetitive behavior place upon petitioner a heavy burden of

Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13,[9] and the employer's affirmative burden of proving contributory negligence under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*[10] Moreover, the panel's decision directly conflicts with decisions of six Circuits—the Second,[11] Third,[12] Seventh,[13] Eighth,[14] Tenth,[15] and Eleventh[16] Circuits—as to the Equal Pay Act.

establishing an affirmative defense which competitively justifies this apparent deviation from the operations of a free market.").

[9] *Federal Trade Commission v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948), held that FTC respondents bear the burden of justifying their cost differentials under the Act.

[10] *Central Vermont R. Co. v. White*, 238 U.S. 507, 512 (1915), held that Federal courts had uniformly placed on FELA defendants the burden of proving contributory negligence.

[11] *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 (2d Cir. 1995) ("Seiler's mere assertion that Abrams' salary was based on his experience is insufficient to meet this burden, and the district court therefore erred in holding that Seiler had established its 'factor other than sex' affirmative defense.").

[12] *Stanziale v. Jargowsky*, 200 F.3d 101, 107-108 (3d Cir. 2000) ("We read the highlighted language of the statute as requiring that the employer submit evidence from which a reasonable factfinder could conclude not merely that the employer's proffered reasons *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity.") (emphases in original; citations omitted); *E.E.O.C. v. State of Del. Dept. of Health and Social Services*, 865 F.2d 1408, 1415 (3d Cir. 1989) ("Under this standard, the grant of judgment n.o.v. cannot be sustained. While appellees offered some evidence of the principles generally used in classifying positions, they did not demonstrate how the system operated with respect to the particular positions at issue.").

[13] *King v. Acosta Sales and Marketing, Inc.*, 678 F.3d 470, 474 (7th Cir. 2012) ("King's claim under the Equal Pay Act must be returned to the district court for a trial at which Acosta will need to prove, and not just assert, that education and experience account for these differences.").

[14] *Price v. Northern States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011) ("In an EPA case, 'a defendant cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action.... [it] must prove

# BACKGROUND

Appellant Shana Maron filed suit against Appellee Virginia Polytechnic

Institute and State University on October 7, 2008, alleging, *inter alia*, that Virginia

Tech discriminated against her and other similarly situated female employees in

violation of the Equal Pay Act, 29 U.S.C. §§ 206(d), *et seq.*  Maron brought her

EPA suit under the Fair Labor Standards Act representative action provision, 29

U.S.C. § 216(b).  On July 27, 2009, Appellant Getra Hanes opted into the EPA

collective action suit, and at trial the evidence revealed that the Development

Office at Virginia Tech provides at the time of hiring a written recommendation for

each candidate to Betsy Flanagan, the hiring official in all hires, and in response

Flanagan does an evaluation of the recommendation ("We make a recommendation

---

that the pay differential was based on a factor other than sex.'") (citation omitted);
*Taylor v. White*, 321 F.3d 710, 716 (8th Cir. 2003) ("Under the EPA, a defendant
cannot escape liability merely by articulating a legitimate non-discriminatory
reason for the employment action. Rather, the defendant must prove that the pay
differential was based on a factor other than sex.") (citations omitted).

[15] *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1312 (10th Cir. 2006)
("The Third Circuit has explained, and we agree, that this language requires an
employer to 'submit evidence from which a reasonable factfinder could conclude
not merely that the employer's proffered reasons *could* explain the wage disparity,
but that the proffered reasons *do in fact* explain the wage disparity.'") (emphases in
original; citations omitted).

[16] *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995) ("The burden is a 'heavy
one' . . . because the "defendants must show that the factor of sex provided *no
basis* for the wage differential" . . . . If the defendant fails to meet this burden, the
court must enter judgment for the plaintiff." "If a seniority 'system' based on
longevity with the Sheriff's Department is to be relied upon as an affirmative
defense, appellees must be able to identify standards for measuring seniority which
are systematically applied and observed.") (citations omitted).

to Dr. Flanagan. Dr. Flanagan, she does an evaluation. If she has questions, she will come back, and then there will be a determination."). J.A. 265. The recommending official in all hires, Tim Corvin, testified that the "hiring decision is made in looking at the information that is in front of us that we have, in making a salary determination and recommendation." J.A. 266.

On September 6, 2006, Corvin provided his written hiring and compensation recommendation and justification for Hanes to Flanagan. J.A. 275, 1027. In his contemporaneously created recommendation he recommended that Virginia Tech hire Hanes as a Regional Director of Major Gifts at a salary in the range of $52,000 to $55,000. J.A. 275-76, 1027. As the basis for this recommendation, Corvin raved in his written hiring recommendation for Hanes, which was entered into evidence by the Appellants as Plaintiffs' Ex. 46 (J.A. 1027), that Hanes "was featured last year in Blue Ridge Business Journal, "Top 20 under 40" and was nominated by the Small Business Administration this year as "Young Entrepreneur of the Year." … With the campaign scheduled to go public next year, this is a critical hire and I don't want to risk losing good talent." J.A. 276-79, 1027.

Accordingly, Flanagan approved of hiring Hanes, and Virginia Tech paid Hanes $53,500.00 per year. J.A. 279, 551, 553. Corvin also supported the hiring and compensation recommendation and justification to Flanagan (or her response thereto) for Maron. J.A. 282, 1029-30. On February 17, 2006, he recommended in

writing in his compensation recommendation and justification to Flanagan (or her response thereto) that Virginia Tech hire her at a salary of $49,000. J.A. 282, 1029-30. As the basis for this recommendation, Corvin reported to Flanagan that he was "very supportive" of the hiring recommendation for Maron, which was entered into evidence by the Appellants as Plaintiffs' Ex. 47 (J.A. 1029-30), because as Corvin testified Maron was, *inter alia*, "ready to take on the challenges and opportunities of major gift fundraising" and that she was "a big picture person who also has an eye for details," J.A. 284, and "Q. And that's why she was such a good hire for the Development Office, correct? A. Right. Correct." J.A. 284. On the strength of Corvin's compensation recommendation and justification to Flanagan, that same day Flanagan approved of hiring Maron, and it then paid Maron $49,000.00 per year consistent with his recommendation. J.A. 284-85, 464, 1029-30.

Maron and Hanes identified three men as their comparators, but Virginia Tech did not offer into evidence at trial Corvin's contemporaneously created and considered compensation recommendation and justification to Flanagan (or her response thereto) for any of their comparators. J.A. 281. Instead, in order to meet its burden of proof under its affirmative defense, Virginia Tech proffered the comparators' resumes and submitted testimony that all salaries were determined on the fundraisers' respective skills, qualifications and experience. J.A. 1267.

However, it never explained to the jury why it did not offer into evidence the actual compensation recommendations and justifications that explained how it really determined the compensation for the three comparators, and it also admitted that it did not have any written policies or formulas that actually assigned an objective value to any candidate for compensation purposes. J.A. 258, 260-61. Finally, Virginia Tech failed to demonstrate that banking and sales, the justifications it gave in discovery and at trial for paying the comparators more than the plaintiffs, were factors being considered when the decisions were made.

On April 14, 2011, the jury returned a verdict in favor of Maron on, *inter alia*, her EPA claim. J.A. 1135. The jury also found in favor of Hanes on her EPA claim and awarded her $15,000 in back pay. J.A. 1135. On June 29, 2011, the District Court, *inter alia*, set aside the jury's verdict in favor of Maron and Hanes on their EPA pay disparity claims and granted, pursuant to Fed. R. Civ. P. 59, Virginia Tech's motion for a new trial on these claims. J.A. 1257-68.

On January 17-20, 2012, a second trial was held regarding Maron's and Hanes's EPA wage disparity claims. After approximately five hours of deliberations, and after reporting that it was deadlocked and being given an *Allen v. United States*, 164 U.S. 492 (1896), charge, on January 20, 2012, the jury returned a verdict in favor of Virginia Tech on Maron's and Hanes's EPA claims. On January 20, 2012, the District Court entered a judgment in favor of Virginia Tech.

## ARGUMENT ON REHEARING EN BANC

## I. The Panel Decision Conflicts with Supreme Court Precedent in *City of Riverside v. Rivera* Regarding the Appropriate Standard for Determining a Lodestar Fee Award.

The Appellants argued on appeal that the law requires Virginia Tech to proffer evidence that the decision to pay Appellants lower starting salaries than their comparators was *in fact* made pursuant to certain qualifications rather proffering evidence which *could* explain the wage disparity. In fact, the Seventh Circuit specifically declared that:

> The district court made a legal error at this step of the analysis. The court thought it enough for Acosta to articulate education and experience as potentially explanatory variables, without proving that they *actually* account for the difference; the court wrote that King must show that Acosta's explanation is a pretext for discrimination. That's part of the burden-shifting approach under Title VII, see *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142–43, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), but is not the way the Equal Pay Act is written.
>
> An employee's only burden under the Equal Pay Act is to show a difference in pay for "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions" (§ 206(d)(1)). An employer asserting that the difference is the result of a "factor other than sex" must present this contention as an affirmative defense—and the proponent of an affirmative defense has the burdens of both production and persuasion. So the Supreme Court said, about § 206(d)(1) in particular, in *Corning Glass Works v. Brennan*, 417 U.S. 188, 204, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974). *See also*, *e.g.*, *Warren v. Solo Cup Co.*, 516 F.3d 627, 630 (7th Cir. 2008).

*King v. Acosta Sales & Mktg., Inc.*, 678 F.3d 470, 474 (7th Cir. 2012) (emphasis added).

In rejecting this argument, the Fourth Circuit held as follows:

> Maron and Hanes contend that Virginia Tech failed to produce evidence that the wage disparities "actually" were based on employees' experience, and instead showed only that the wage disparities "could have been" based on employees' experience. According to Maron and Hanes, Virginia Tech could not establish its affirmative defense without producing evidence of the actual compensation recommendations made when the male comparators were hired. We disagree with these arguments.

> Virginia Tech was not required to produce the "best evidence" to demonstrate that it based compensation decisions on gender-neutral factors. Rather, Virginia Tech was required to prove that it was more likely than not that factors other than gender were used in establishing the salaries of the plaintiffs and the male comparators. *See Brinkley*, 180 F.3d at 613. We agree with the district court's decision that the clear weight of the evidence demonstrated that Virginia Tech proved its affirmative defense.

Jan. 31, 2013 Per Curiam Opinion (Appeal: 12-1146 Doc: 37 Filed: 01/31/2013

Pgs: 15-16 of 20).

Moreover, the panel's rationale is inconsistent with the legal standards

governing the quantum of evidence necessary in order to satisfy an affirmative

burden of proof in an employment matter:

> The Equal Pay Act prohibits differential pay for men and women when performing equal work "except where such payment is made pursuant to" one of the four affirmative defenses. 29 U.S.C. § 206(d)(1) (emphasis added). We read the highlighted language of the statute as requiring that the employer submit evidence from which a reasonable factfinder could conclude not merely that the employer's proffered reasons *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity. *See also Delaware Dept. of Health*, 865 F.2d at 1415 (stating that "the correct inquiry was ... whether, viewing the evidence most favorably to the [plaintiff], a jury could only conclude that the pay discrepancy *resulted from*" one of the affirmative defenses (emphasis added)). Thus, unlike an ADEA or Title VII claim, where an employer need not prove that the

9

proffered legitimate nondiscriminatory reasons actually motivated the salary decision, *see Fuentes*, 32 F.3d at 763, in an Equal Pay Act claim, an employer must submit evidence from which a reasonable factfinder could conclude that the proffered reasons actually motivated the wage disparity. More to the point, where, as here, employers seek summary judgment as to the Equal Pay Act claim, they must produce sufficient evidence such that no rational jury could conclude but that the proffered reasons actually motivated the wage disparity of which the plaintiff complains.

> …

> Because it was appellees' burden to establish this fact "so clearly that no rational jury could find to the contrary", *Delaware Dept. of Health*, 865 F.2d at 1414, the grant of appellees' motion for summary judgment as to the Equal Pay Act and NJEPA claims is error.

*Stanziale v. Jargowsky*, 200 F.3d 101, 107-08 (3d Cir. 2000) (italics in original, underlining added); *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1312 (10th Cir. 2006) (employers must produce sufficient evidence such that no rational jury could conclude but that proffered reasons actually motivated wage disparity of which plaintiff complains); *EEOC v. Swift Transp. Co., Inc.*, 120 F. Supp. 2d 982, 986 (D. Kan. 2000) (in proving its affirmative defense, defendant must submit evidence from which reasonable jury could conclude "not merely that [defendant's] proffered reasons could explain the wage disparity, but that the proffered reasons do in fact explain the wage disparity.")[17]

---

[17] In order to meet its burden of proof under its affirmative defense, Virginia Tech proffered the comparators' resumes and submitted testimony that all salaries were determined on the fundraisers' respective skills, qualifications and experience. J.A. 1267. However, it never explained to the jury why it did not offer into evidence at trial the contemporaneous compensation recommendations and

The panel's opinion relies upon the Fourth Circuit's decision in *Brinkley v. Harbor Recreation Club* ("Rather, Virginia Tech was required to prove that it was more likely than not that factors other than gender were used in establishing the salaries of the plaintiffs and the male comparators. *See Brinkley*, 180 F.3d at 613"), but *Brinkley* is silent on this issue and instead only lists the affirmative defenses:

> <u>Unlike a Title VII case, however, under the Equal Pay Act, upon establishing a prima facie case, both the burdens of production and persuasion shift to the defendant.</u> *See Brinkley–Obu v. Hughes Training, Inc.*, 36 F.3d 336, 344 (4th Cir. 1994). <u>The defendant bears the burden of proving by a preponderance of the evidence that the wage difference between the male and female employees was the result of one of the four enumerated statutory affirmative defenses</u>: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or <u>(iv) a differential based on any other factor other than sex.</u>" 29 U.S.C.A. § 206(d)(1); *see also Strag v. Craven Commun. College*, 55 F.3d 943, 948 (4th Cir. 1995).

*Brinkley*, 180 F.3d 598, 613-14 (emphasis added).

The panel's assertion also creates a conflict with the Supreme Court evidentiary framework in other civil rights cases,[18] because under the *McDonnell*

_____

justifications that explained how it actually determined the compensation for the three comparators, and it also acknowledged that it did not have any written policies or formulas that actually assigned an objective value to any candidate for compensation purposes. J.A. 258, 260-61. Finally, Virginia Tech failed to demonstrate that banking and sales, the justifications it gave in discovery and at trial for paying the comparators more than the plaintiffs, was actually a viable factor at the time the decisions were made. *See Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 496 (4th Cir. 1981).

[18] In a pretext case, after the employee establishes a prima facie case, the burden of production then shifts to the defendant to establish non-retaliatory reasons for the employment actions. *McDonnell Douglas Corp. v. Green*, 411 U.S.

*Douglas* framework in civil rights cases the party with the burden of proof of

showing the employer's motivation has to demonstrate by a preponderance of the

evidence reasons that *actually* motivated the employer's decision (and not that

*could have* justified the employer's actions):

> The Court of Appeals has misconstrued the nature of the burden that
> *McDonnell Douglas* and its progeny place on the defendant. See Part II,
> *supra*. We stated in *Sweeney* that "the employer's burden is satisfied if he
> simply 'explains what he has done' or 'produc[es] evidence of legitimate
> nondiscriminatory reasons.'" 439 U.S., at 25, n. 2, 99 S. Ct., at 296 n. 2,
> quoting *id.*, at 28, 29, 99 S. Ct., at 297–298 (Stevens, J., dissenting). It is
> plain that the Court of Appeals required much more: it placed on the
> defendant the burden of persuading the court that it had convincing,
> objective reasons for preferring the chosen applicant above the plaintiff.[11]

> > n. 11. The court reviewed the defendant's evidence and explained its
> > deficiency:

> > > "Defendant failed to introduce comparative factual data
> > > concerning Burdine and Walz. Fuller merely testified that he
> > > discharged and retained personnel in the spring shakeup at
> > > TDCA primarily on the recommendations of subordinates and
> > > that he considered Walz qualified for the position he was
> > > retained to do. Fuller failed to specify any objective criteria on
> > > which he based the decision to discharge Burdine and retain
> > > Walz. He stated only that the action was in the best interest of
> > > the program and that there had been some friction within the

---

792, 802 (1973).  After the defendant meets that burden, the burden of production
shifts back to the employee to prove that the proffered explanations are pretextual.
Only the burden of production shifts; the burden of persuasion always remains
with the plaintiff.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253
(1981).  At all times the burden of proof, including the burden of proving "but for"
causation, remains with the employee as the party charged with proving by a
preponderance of the evidence what motivated the employer in an employment
decision.  *See Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095-96, n. 4
(3d Cir. 1995).

> department that might be alleviated by Burdine's discharge. Nothing in the record indicates whether he examined Walz' ability to work well with others. This court in *East* found such unsubstantiated assertions of 'qualification' and 'prior work record' insufficient absent data that will allow a true *comparison* of the individuals hired and rejected." 608 F.2d, at 568.

*Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256-57 (1981).[19]

This delegation was confirmed in *Reeves v. Sanderson Plumbing Products*,

where the Court held that:

> When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993). That is, the plaintiff's age must have "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Ibid.*

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

---

[19] *See also Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008), an Age Discrimination in Employment Act case where the Court held that employees alleging liability for disparate impact claims were obliged to:

> "isolat[e] and identif[y] the *specific* employment practices that are allegedly responsible for any observed statistical disparities." *Ibid.* (quoting *Wards Cove*, *supra*, at 656, 109 S. Ct. 2115; emphasis in original; internal quotation marks omitted).  The aim of this requirement, as *City of Jackson* said, is to avoid the "result [of] employers being potentially liable for 'the myriad of innocent causes that may lead to statistical imbalances.'"

*Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 100 (2008) (emphasis in original).

## II. The Panel Effectuated a Circuit Split by Remanding for Consideration the Issue of Whether a New Trial Should be Granted on Maron's Retaliation Claim.

The panel also held that because the district court did not state the grounds for conditionally granting or denying Virginia Tech's motion for a new trial on Maron's retaliation claim pursuant to Fed. R. Civ. P. 50(c)(1) after she secured a $61,000 verdict at the same trial, it remanded the case for consideration whether a new trial should be granted after it reversed the district court's grant of Virginia Tech' s Rule 50 motion on this claim.  The panel cited *Havird Oil Co., Inc. v. Marathon Oil Co., Inc.*, 149 F.3d 283, 288 (4th Cir. 1998) and *Mays v. Pioneer Lumber Corp.*, 502 F.2d 106, 109 (4th Cir. 1974), for the proposition that a district court's failure to follow Rule 50(c) is error.  However, the Fifth, Sixth, Seventh and Eleventh Circuits take the position that the burden is on the party whose motion invoked Rule 50(c) in the trial court to pursue a direct ruling on the alternative motion for a new trial when the district court granted the judgment as a matter of law in order to preserve the issue for appeal.  *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006); *Vera Cruz v. Chesapeake & O. R.R.*, 312 F.2d 330, 332 (7th Cir. 1963); *Oberman v. Dun & Bradstreet, Inc.*, 507 F.2d 349, 353 (7th Cir.1974); *Edwards v. Board of Regents*, 2 F.3d 382, 384 n. 6 (11th Cir. 1993); *Arenson v. Southern University Law Center*, 43 F.3d 194, 197 (5th Cir. 1995).

Where the moving party did not press upon the lower court the issue of the need for a ruling on the new trial motion after the grant of a motion for JMOL, according to the Seventh and Eleventh Circuits it is deemed to have been abandoned. *Edwards*, *supra*; *Vera Cruz*, *supra*. Accordingly, Appellant Maron petitions for panel rehearing and for rehearing *en banc* on this issue, as the panel's remand to the district for consideration of whether a new trial should be granted when Virginia Tech did not press upon the lower court the issue of the need for a ruling on the new trial motion requires the lower court to reconsider a claim that should have been deemed to have been abandoned.

WHEREFORE, and for all the foregoing reasons, the Appellants' Petition for Panel Rehearing and for Rehearing *En Banc* should be granted.

Respectfully submitted,

/s/ Nicholas W. Woodfield
Nicholas W. Woodfield
R. Scott Oswald
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street NW, Suite 900
Washington, D.C.  20006
Telephone:  (202) 331-2883
Facsimile:  (202) 261-2835
*Attorneys for Appellants*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 13th day of February, 2013, I caused this

Petition for Panel Rehearing and Rehearing *En Banc* to be filed electronically with

the Clerk of the Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Kay Heidbreder
Marvin H. McClanahan
VIRGINIA POLYTECHNIC
  INSTITUTE & STATE UNIVERSITY
327 Burruss Hall
Blacksburg, VA 24061
(540) 231-6293

*Counsel for Appellee*

/s/ Nicholas W. Woodfield
*Counsel for Appellants*